IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | CAUSE NO. 1:19-CV-307-LY |
| ROY KEVIN POOL AND CYNTHIA | § | |
| ANNE POOL, | § | |
| | § | |
| DEBTORS. | § | |

## MEMORANDUM OPINION AND ORDER

This cause arises from an appeal of the Order Denying Objections to Debtors' Claims of Exemptions and Opinion Denying Objection to Debtors' Claim of Homestead Exemption rendered on March 5, 2019, by the United States Bankruptcy Court for the Western District of Texas, Austin Division. Before the court are Appellant Nathan Joshua Herrington's Brief filed May 22, 2019 (Doc. #5) and Appellees Roy Kevin Pool and Cynthia Ann Pool's Brief filed June 24, 2019 (Doc. #6). On August 2, 2019, the court entertained oral argument, at which all parties appeared through counsel. Having carefully considered the briefs, argument of counsel, and applicable law, the court concludes that bankruptcy court's order should be affirmed for the reasons to follow.

### I. Factual Background

Debtors Roy Kevin Pool and Cynthia Ann Pool filed a petition under Chapter 7 of the Bankruptcy Code on August 8, 2018. They filed Schedules on August 28, 2018, claiming the following two noncontiguous tracts of real property as exempt under the rural homestead exemption as set forth in the Texas Constitution[1] and Texas Property Code:[2] (1) 207 Mountain Top Sunrise Beach, Texas 78643, legally described as Unit 7, Lot 787, Sunrise Beach, Llano County, Texas, and

---

[1] TEX. CONST. ART. XVI, §51.

[2] TEX. PROP. CODE § 41.002(b) (West 2014).

(2) 100 C.R. 127 Kingsland, Texas 78639, legally described as ABS A0419 Green J. Harwell, 0.871 acres, Burnet County, Texas.

The Pools live on the property located at 207 Mountain Top (the "Residence"), and they operate a business known as God's Hot Rod Shop on the property located at 100 CR 127 (the "Body Shop"). The Pools originally had a lease-purchase agreement on the Body Shop beginning in 2010, which was finalized with the purchase closing in 2015. The two properties are 23 miles apart by road due to the loss of a bridge from flooding. Both of the Pools work at the Body Shop four to five days a week, and nearly all of the Pools's income is generated from the Body Shop. Mr. Pool occasionally repairs his own lawn maintenance equipment and autos at the shop, and he stores his tools on the shop property, which he sometimes takes to the Residence to perform repairs.

One of the Pools's creditors is Appellee Nathan Joshua Harrington, who holds a judgment against the Pools in the amount of $84,055.81 described as "Judgment on automotive services. Business debt." On October 15, 2018, the Chapter 7 Trustee, John Patrick Lowe, and Harrington filed an Objection to Debtor's Exemptions with regard to the Body Shop. The bankruptcy court conducted a hearing on the objection on December 20, 2018.[3] On March 5, 2019, the bankruptcy court rendered an Order Denying Objections to Debtor's Claims of Exemption. On March 18, 2019, Harrington filed his Notice of Appeal to this court.

## II. Standard of Review

On appeal, this court reviews the bankruptcy court's findings of fact under a clearly erroneous standard and reviews conclusions of law *de novo*. *See In re Heartland Fed. Sav. & Loan*

---

[3] The Trustee subsequently filed a notice of dismissal of his objections. Harrington continued to prosecute his objection.

*Assn. v. Briscoe Enters., Ltd. II (In re Briscoe Enters., Ltd. II)*, 994 F.2d 1160, 1163 (5th Cir. 1993). Mixed questions of fact and law are subject to *de novo* review. *See In re CPDC, Inc.*, 337 F.3d 436, 441 (5th Cir. 2003).

### III. Analysis

The sole issue on appeal is whether Texas law allows a noncontiguous tract upon which a business is conducted to be a part of a rural homestead exemption. The parties stipulate that the Residence meets the requirements for a rural homestead exemption. The parties disagree about whether the Body Shop can be claimed as part of the Pools's exempt rural homestead.

Harrington argues that the Fifth Circuit has indicated that under Texas law a rural homestead cannot include a noncontiguous parcel on which a business is conducted. *See Perry v. Dearing (In re Perry)*, 345 F.3d 303, n. 22 (5th Cir. 2003). Harrington asserts that this court should follow *In re Perry* and reverse the order allowing the homestead exemption on the Body Shop.

In response, the Pools argue that this court should not follow *In re Perry* because the case involved only contiguous rural tracts, unlike this case, and because Harrington seeks to rely on a footnote in the opinion that the bankruptcy court found was added *in dictum* and should not be followed because it is peripheral and unnecessary to the Fifth Circuit's holding in the case.

Because the Pools claim the rural homestead exemption under Texas law in their bankruptcy filing, Texas law governs the Pools's homestead-exemption rights. *See Butner vs. US.*, 440 U.S. 48, 50 (1979). Under Texas law, the Pools have the initial burden of proof to establish the homestead status of their property. *See In re Perry*, 345 F.3d at 311; *Lifemark Corp. v. Merritt*, 655 S.W.2d 310, 314 (Tex. App.—Houston [14th Dist.] 1983, writ ref'd n.r.e.). However, because "[h]omesteads are favorites of the law, [the court] must give a liberal construction to the

constitutional and statutory provisions that protect homestead exemptions." *Matter of Bradley*, 960 F.2d 502, 507 (5th Cir. 1992) (citing *Tolman v. Overstreet,* 590 S.W.2d 635, 637 (Tex. Civ. App.—Tyler 1979, no writ); *Kunkel v. Kunkel,* 515 S.W.2d 941, 946 (Tex. Civ. App.—Amarillo 1974, writ ref'd n.r.e.); *Garrett v. Katz,* 23 S.W.2d 436, 438 (Tex. Civ. App.—Dallas 1929), *modified on other grounds,* 27 S.W.2d 373 (Tex. Civ. App.—Dallas 1930, no writ)).

"The homestead, not in a town or city, shall consist of not more than two hundred acres of land, which may be in one or more parcels, with the improvements thereon." TEX. CONST. ART. XVI, § 51. *See also* TEX. PROP. CODE § 41.002(b)(1). Texas courts have consistently held that, unlike an urban homestead, a rural homestead my consist of one or more noncontiguous parcels. *See Autry v. Reasor,* 108 S.W. 1162, 1164 (Tex. 1908); *Fajkus v. First Nat'l Bank,* 735 S.W.2d 882, 884 (Tex. App.–Austin 1987, writ denied). Although neither the Texas Constitution nor the Texas Property Code expressly protects a debtor's business as part of a rural homestead, Texas courts and the Fifth Circuit have concluded that a rural homestead may include property where a debtor conducts a business that supports the family. *See Fajkus,* 735 S.W.2d at 884 (residence and ranch noncontiguous but exempt because ranch used to support family). *See also In re Perry,* 345 F.3d at 316-18 (contiguous tract were debtor operated business may be exempt).

In *In re Perry*, the Fifth Circuit recognized that a "business element has historically been embedded within a rural homestead," citing a number of Texas cases in support thereof. 345 F.3d at 316–18. The circuit concluded that the "purpose of the homestead exemption, both urban *and* rural, has been to protect not only the home, but also the property that enables the head of the household to support the family." *Id.* at 317 (emphasis in original). The circuit remanded the case to the bankruptcy court to determine whether under Texas law the debtor abandoned a portion of

4

the contiguous tract at issue in the case by continuously renting it out to others. *See id.* at 318–19 (citing applicable Texas law on abandonment).

Although the *In re Perry* opinion addresses only a contiguous tract to which the debtor seeks a homestead exemption, the Fifth Circuit added a footnote *in dictum* commenting on a hypothetical scenario of a rural business homestead that included a noncontiguous tract of land. *See id.* At 318, n. 22. Herrington now argues, as he did before the bankruptcy court, that because the Body Shop is used to run a business on a noncontiguous tract from the Residence, the Pools cannot claim the Body Shop as part of their rural homestead. The bankruptcy court concluded that the *In re Perry* footnote is not binding, is unnecessary to the circuit's holding, and is inconsistent with Texas case law. This court agrees.

*In re Perry* involves a rural homestead on a contiguous tract of land. The footnote at issue in the opinion, however, comments on a hypothetical scenario involving a noncontiguous tract of land. Thus, the footnote serves merely as "'[a] judicial comment . . . unnecessary to the decision in the case and therefore not precedential.'" *Perez v. Stephens*, 784 F.3d 276, 281 (5th Cir. 2015) (quoting BLACK'S LAW DICTIONARY 1240 (10th ed. 2014)). More importantly, the scenario recited in the footnote conflicts with the Texas Constitution and the Texas Property Code, both of which provide that a rural homestead can be located on noncontiguous tracts, making no mention of an exclusion of separate land devoted primarily to generating income for the family. *See* TEX. CONST. ART. XVI, § 51; TEX. PROP. CODE § 41.002(b)(1). *See also Autry*, 108 S.W. at 1164.

Further, Texas cases have consistently held that a noncontiguous rural tract used to support the debtor's family is part of the rural homestead, even when the debtor resides on a separate tract. *See Fajkus*, 735 S.W.2d at 884; *Riley v. Riley*, 972 S.W.2d 149, 154 (Tex. App.–Texarkana 1998,

no pet.). Because this case involves the application of Texas law, the Texas cases are of greater import than the Fifth Circuit *dictum* in *In re Perry*. Therefore, the court concludes that the *dictum* in the *In re Perry* footnote is not controlling on this court's decision.

The bankruptcy court found that the Pools established a nexus between the Body Shop and the Residence sufficient to make the Body Shop part of the Pools's rural homestead. Herrington has not shown that the bankruptcy court's findings were incorrect. In addition to serving as the Pools's place of business providing income to the family, the bankruptcy court found that the Body Shop is used to repair and maintain household items, store equipment used at the Residence, and repair the Pools's personal vehicles. Because the Body Shop has a shower, kitchen, and other facilities associated with a home, the bankruptcy court further found that the Body Shop serves as an extension of the Residence not unlike a garage, tool shed, or additional living quarters for the Pools. The court agrees with the findings of the bankruptcy court, and therefore finds no clear error. Therefore, the court concludes that the bankruptcy court properly determined that the Pools established that both the Body Shop and the Residence are protected as the Pools's rural homestead under Texas law.

## IV. Conclusion

In accordance with the foregoing,

**IT IS THEREFORE ORDERED** that the March 5, 2019 Order Denying Objections to Debtors' Claims of Exemptions of the United States Bankruptcy Court for the Western District of Texas is **AFFIRMED**.

A Final Judgment shall be filed subsequently.

SIGNED this 25th day of February, 2020.

*[signature]*
LEE YEAKEL
UNITED STATES DISTRICT JUDGE